1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT and ETHEL FREEMAN, LLC I,

        Plaintiffs,

    v.

CITY OF FIRCREST, MAYOR AND COUNCIL OF FIRCREST,

        Defendants.

Case No. C07-5614RJB

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on Defendants' Motion for Summary Judgment. Dkt. 18. The court has considered the relevant documents and the remainder of the file herein, and has determined that the issues may be resolved without oral argument.

PROCEDURAL HISTORY

On November 8, 2007, plaintiffs filed a civil complaint, alleging that the City of Fircrest adopted a zoning ordinance that contravened the requirement of a Preannexation Agreement and thereby rendered plaintiffs' property unmarketable and valueless. Dkt. 1, at 4. The complaint alleges the following causes of action: (1) violation of the Fifth and Fourteenth Amendments, pursuant to 42 U.S.C. § 1983; (2) inverse condemnation under the Fifth and Fourteenth Amendments; (3) inverse condemnation under Article 1, Section 16 of the Washington Constitution; (4) violation of due process under Article 1, Section 3 of the Washington Constitution; and (5) breach of contract. Dkt. 1. The complaint requests damages and declaratory relief. *Id.*

On June 5, 2008, defendants filed a motion for summary judgment, contending that (1) plaintiffs' claims under 42 U.S.C. § 1983 should be dismissed because the statute of limitations has run; and (2) plaintiffs' inverse condemnation claims under the Washington and U.S. Constitutions should be dismissed without prejudice as unripe, and in the alternative, the claim should be dismissed because plaintiffs have not demonstrated that the City's actions took their property without payment of just compensation. Dkt. 18. Defendants also request that the court decline to exercise supplemental jurisdiction and dismiss the state claims relating to breach of contract and declaratory judgment. *Id.*

On June 23, 2008, plaintiffs filed a response to the motion for summary judgment, requesting that the court (1) dismiss the claims under 42 U.S.C. § 1983 under Fed.R.Civ.P. 41(b) because plaintiffs do not wish to dedicate further resources to that claim; (2) dismiss the inverse condemnation claims without prejudice as unripe; and (3) dismiss the breach of contract claims without prejudice. Dkt. 21.

On June 27, 2008, defendants filed a reply, contending that (1) the court should dismiss plaintiffs' claim under 42 U.S.C. § 1983 on the merits because the claim is barred by the statute of limitations and the claim was brought without reasonable investigation into its viability; (2) the federal and state takings claims should be dismissed with prejudice;  (3) the breach of contract claim is without basis and should be dismissed with prejudice. Dkt. 22.

On June 30, 2008, plaintiffs filed a surreply, requesting that the court strike defendants' late-filed reply brief; consider briefing as set forth in the surreply; order further briefing, if necessary; and conduct oral argument, if necessary. Dkt. 23. Under current Local Rule CR 7(d)(3), defendants' reply was timely; plaintiffs' motion to strike defendants' reply brief is **DENIED**. The arguments plaintiffs set forth in their surreply are unnecessary, as is the request for further briefing and oral argument.

## DISCUSSION

*Claims under 42 U.S.C. § 1983.* Defendants contend that the claims under 42 U.S.C. § 1983, based upon the facts alleged in the complaint, are barred by the statute of limitations. Plaintiffs state that, while they are not in agreement with defendants' argument, they do not wish to dedicate further resources to that claim. Plaintiffs request that the court dismiss this claim under Fed.R.Civ.P. 41(b).

Fed.R.Civ.P. 41(b) permits a defendant to file a motion to dismiss an action or claim against it if the plaintiff fails to prosecute or to comply with the federal rules. Fed.R.Civ.P. 41(b) does not by its terms

1  permit a plaintiff to file a motion to dismiss a claim against itself.  Under the Federal Rules, plaintiffs should
2  have filed a motion to amend the complaint to eliminate the cause of action under 42 U.S.C. § 1983.  *See*
3  *Ethridge v. Harbor House Rest.,* 861 F.2d 1389, 1392 (9th Cir.1988).  Nonetheless, defendants had an
4  opportunity to respond to plaintiffs' request to dismiss the claim, and did so. It does not appear that
5  defendants would be prejudiced by dismissal with prejudice of the cause of action under 42 U.S.C. § 1983.
6  *See Mechmetals Corp. v. Telex Computer Prods., Inc.,* 709 F.2d 1287, 1294 (9th Cir.1983) (noting with
7  approval suggestion "that it is immaterial whether court acts pursuant to Rule 15(a) or Rule 41(a)(2)").  It
8  is unnecessary to rule on the merits of this claim, since it appears that plaintiffs intend to abandon this
9  claim.  Accordingly, the claims based upon 42 U.S.C. § 1983 should be dismissed with prejudice.

10        *Inverse Condemnation Claims under U.S. Constitution*.  In their motion for summary judgment,
11  defendants contend that the inverse condemnation claims under the U.S. Constitution should be dismissed
12  with prejudice, or, in the alternative, without prejudice as unripe.  In their response, plaintiffs agree that
13  these claims should be dismissed without prejudice as unripe. In their reply, defendants request that the
14  court dismiss the inverse condemnation claims with prejudice.

15        Federal constitutional challenges to local land use regulations are not considered by federal courts
16  until the posture of the challenges makes them ripe for federal adjudication.  *Southern Pacific*
17  *Transportation Co. v. City of Los Angeles*, 922 F.2d 498 (9th Cir. 1990).  The complaint alleges that the
18  City of Fircrest denied plaintiffs' application(s) for a rezone.  There is no allegation that plaintiffs attempted
19  to seek compensation for the alleged taking, either through the municipal process or in state courts.
20  Accordingly, plaintiffs' inverse condemnation claims under the U.S. Constitution are not ripe.  The court
21  should dismiss those claims without prejudice.

22        *State Law Claim for Breach of Contract.*  Defendants contend in their motion for summary
23  judgment that the court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over
24  plaintiffs' breach of contract claims. Dkt. 18, at 1 and 18. Plaintiffs agree that the breach of contract claim
25  should be dismissed without prejudice to pursue those claims in state court.  In their reply, defendants
26  request that the court dismiss the breach of contract claim with prejudice, because the claim is without
27  merit.  Dkt. 22, at 4-5.

28        Under 28 U.S.C. § 1367, a federal court may assume supplemental jurisdiction over all other claims

that are so related to claims in the action within the original jurisdiction so that they form part of the same case or controversy. The Court may decline to exercise this supplemental jurisdiction if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In this case, all of the federal claims over which the court has jurisdiction are dismissed. Further, the land use issues related to the preannexation agreement and zoning issues predominate over the federal takings/inverse condemnation claims. The court should decline to exercise supplemental jurisdiction over plaintiffs' breach of contract claim, and this claim should be dismissed without prejudice.

*Declaratory Judgment Claims.* In their complaint, plaintiffs request declaratory judgment. In the motion for summary judgment, defendants request that the court decline to exercise supplemental jurisdiction and dismiss the claim for declaratory judgment. Although the complaint alleges a "claim" for declaratory judgment, the claim is in the nature of relief. That relief is dependent upon resolution of the underlying claims for relief. The court should dismiss without prejudice the "claim" for declaratory judgment.

*Inverse Condemnation Claim under Washington Constitution.* Defendants request that the court dismiss plaintiffs' inverse condemnation claim under the Washington Constitution on the basis that plaintiffs have not shown they have been denied all economically viable use of the property. By this order, all federal claims over which the court has original jurisdiction are dismissed. Further, whether plaintiff can prevail on an inverse condemnation claim under the Washington Constitution raises a complex issue of state law. Plaintiffs' inverse condemnation claim under the Washington Constitution should be dismissed without prejudice.

*Due Process under Washington Constitution.* The complaint alleges a violation of due process under Article 1, Section 3 of the Washington Constitution. Although this claim was not addressed by the parties in connection with this motion for summary judgment, defendants request that all claims be dismissed. Because all federal claims over which the court has original jurisdiction are dismissed by this order, and because this claim raises a complex issue of state law, the court should dismiss this claim

without prejudice.

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 18) **GRANTED IN PART AND DENIED IN PART**, as follows:  Plaintiffs' claims based upon 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**.  Plaintiffs' inverse condemnation claim under the U.S. Constitution is **DISMISSED WITHOUT PREJUDICE**.  The court **DECLINES** to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiffs' breach of contract claim, plaintiffs' claim of inverse condemnation under the Washington Constitution, and plaintiffs' claim of violation of due process under the Washington Constitution, and those claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' claim for declaratory judgment, which is based upon the substantive claims for relief, is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of July, 2008.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge